IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| ARGONAUT GREAT CENTRAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Cause No.:   2:11-CV-34 |
| AUDRAIN COUNTY JOINT COMMUNICATIONS, | ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) ) | |

# COMPLAINT

COMES NOW Plaintiff Argonaut Great Central Insurance Company ("Plaintiff") and, for its Complaint against Defendant Audrain County Joint Communications ("Defendant"), pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, states as follows:

1. Plaintiff is, and was at the time this action was filed, a corporation incorporated under the laws of the State of Illinois and was at the time this action was filed, a citizen of the State of Illinois.

2. Defendant is, and was at the time this action was filed, is a commission which dispatches emergency services solely located in Audrain County, Missouri and therefore a resident of the State of Missouri.

3. Complete diversity of citizenship exists and the amount in controversy is in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and, therefore, jurisdiction is proper under 28 U.S.C. §1332.

4. Venue in this Court is proper under 28 U.S.C. §1391(a)(2) in that the events giving rise to this action occurred in this judicial district and all of the property involved is situated in this judicial district.

5. Plaintiff provided insurance to Hickman Foods, Inc., a Missouri corporation doing business in the State of Missouri at 508 S. Muldrow, Mexico. Hickman Foods, Inc. owns and operates grocery stores, with one of its stores located at 1834 East Liberty St., Mexico, State of Missouri ("Subject Property").

6. Defendant monitored a security alarm panel which, among others, was connected to and protected the Subject Property.

7. The alarm monitoring equipment located at Audrain County Joint Communications Center and was supervised and monitored directly by Defendant's employees.

8. Hickman Foods, Inc. relied on Defendant to supervise, monitor, and respond to the alarm in a professional and workmanlike manner.

9. Defendant breached its duty to properly supervise and monitor security alarm services to Hickman Foods, Inc., and was negligent in that on or about July 24, 2006, the Subject Property was compromised by unauthorized entry and Defendant failed to properly notify Hickman Foods, Inc. and/or respond to the alarm.

10. During the previously described unauthorized entry, on or about July 24, 2006, said unknown persons started a fire at the Subject Property in order to avoid detection.

11. Prior to July 24, 2006, Defendant was aware the alarm monitoring equipment at its location was broken and in need of repair, yet did nothing to repair said equipment thereby creating a dangerous condition on its property.

12. Plaintiff's damages and injury resulted directly the failure of the alarm monitoring

equipment, creating a dangerous condition.

13.     The dangerous condition of the broken alarm panel created a reasonably foreseeable risk of harm of the kind of injury which occurred.

14.     Defendant's negligent and/or the wrongful act and/or omission of a Joint Communications employee within the course of his employment created the dangerous condition by failing to ensure the alarm monitoring panel was operational.

15.     Defendant had actual and/or constructive notice of the dangerous condition (i.e. the broken panel) in sufficient time prior to the injury to have taken measures to protect against the dangerous condition.

16.     Defendant was not performing any governmental functions by monitoring the alarm panel Subject Premises.

17.     Defendant's breach of its duty to provide professional services to Hickman Foods, Inc. resulted in a loss to Hickman Foods, Inc. in excess of $2,200,000 due to Defendant's failure to properly supervise, monitor and respond to the alarm.

18.     Pursuant to a policy of insurance, Plaintiff paid Hickman Foods, Inc. approximately $2,200,000 for damage to the Subject Property, contents and lost income caused by Defendant's negligence and now pursuant to an Assignment, Plaintiff is entitled to maintain this action seeking recovery for the damages caused by Defendant's negligence.

## COUNT I - NEGLIGENCE

19.     Plaintiff re-alleges and incorporates by reference as if set out herein prior paragraphs 1 through 20.

20. Defendant owed a duty of care to Plaintiff to protect the Subject Property from damage and to monitor the Subject Property and to supervise, monitor and respond to the alarm in a professional manner.

21. Defendant breached said duty and was careless, negligent and/or reckless and at fault in the following respects, inter alia:

    a. Defendant failed to monitor the alarm related to the Subject Property;

    b. Defendant failed to contact Plaintiff and public authorities following the sounding of the audible alarm;

    c. Defendant failed to contact Plaintiff and public authorities following the visual alarm;

    d. Defendant failed to take all such measures as necessary to keep the alarm monitoring equipment in good working order;

    e. Defendant failed to take measures to prevent failures in the alarm monitoring equipment;

    f. Defendant failed to retain sufficient staff to supervise the alarm monitoring equipment;

    g. Defendant failed to retain sufficient staff to monitor the alarm monitoring equipment;

    h. Defendant failed to retain sufficient staff to respond the alarm monitoring equipment;

    i. Defendant failed to supervise the alarm monitoring equipment;

    j. Defendant failed to respond the alarm monitoring equipment;

    k. Defendant failed to conduct the necessary inspections of the alarm monitoring equipment in good working order; and,

    l. Defendant failed to warn Plaintiff of the dangerous condition of the alarm monitoring equipment.

22. As a direct and proximate result of Defendant's negligence, Plaintiff paid Hickman Foods, Inc. for damages to the Subject Property and lost business income, pursuant to its policy of insurance, in excess of $2,200,000.

WHEREFORE, Plaintiff demands judgment against Defendant Audrain County Joint Communications Center for actual damages as set forth herein in excess of Twenty Five Thousand Dollars ($25,000), pre and post-judgment interests, costs, attorney's fees and any further relief this Court deems just and proper under the circumstances.

## COUNT II – RECKLESSNESS, WILLFUL & WANTON MISCONDUCT

23. Plaintiff re-alleges and incorporates by reference as if set out herein prior paragraphs 1 through 22.

24. Defendant was aware the alarm monitoring equipment was malfunctioning before the fire but failed to ensure it was fixed and in good working condition.

25. Defendant intentionally disregarded the knowledge that the alarm monitoring equipment was in a dangerous condition or should have known that the condition of the alarm monitoring equipment created a dangerous condition.

26. Defendant's conduct as described herein was willful, wanton and reckless and Defendant knew or should have known that the alarm monitoring equipment created a dangerous condition and was in danger of not properly sounding if "tripped", leaving the properly vulnerable to fire.

27. As a direct and proximate result of Defendant's reckless, willful and wanton actions, Plaintiffs' are entitled to punitive damages in the amount of One Million Dollars ($1,000,000.00).

WHEREFORE, Plaintiff demands judgment against Defendant Audrain County Joint Communications Center in actual damages to be proven at trial, and for an amount of One Million Dollars ($1,000,000.00) in punitive damages, and for its costs, attorneys' fees, pre- and post judgment interest and for any other such relief this Court deems just and proper.

Respectfully Submitted,

_/s/ Richard D. Gerber_____
Robert W. Cockerham #31984MO
Richard D. Gerber  #34384MO
Joshua S. Davis #58571MO
BROWN & JAMES, P.C.
1010 Market Street, 20th Floor
St. Louis, Missouri 63101
(314) 421-3400
(314) 421-3128 (fax)
rgerber@bjpc.com
jdavis@bjpc.com
ATTORNEYS FOR PLAINTIFF

9306686