UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| ARGONAUT GREAT CENTRAL INSURANCE COMPANY, ) ) ) Plaintiff, ) ) vs. ) ) AUDRAIN COUNTY JOINT ) COMMUNICATIONS, ) ) Defendant. ) | Case No. 2:11CV00034 AGF |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of non-party Q Security Solutions, LLC, ("Q Security") to quash the subpoena served on it by Defendant Audrain County Joint Communications ("ACJC") requiring Q Security to produce and provide testimony about a Mutual Settlement Agreement entered into in 2010 between Q Security and Plaintiff Argonaut Great Central Insurance Co.'s insured, Hickman Foods, Inc. ("Hickman").  For the reasons set forth below, the motion to quash shall be denied, but the Court shall grant Q Security's alternative request for a protective order to ensure that the document, which Q Security maintains includes confidential business matters, is only used in connection with this case.

## BACKGROUND

For purposes of the motion before the Court, the record establishes the following. Hickman owned a grocery store in Audrain County, Missouri.  Q Security installed a

security system at the store.  ACJC is a commission that dispatches emergency services in Audrain County.  A security alarm panel that was located at ACJC's premises and monitored directly by ACJC employees, was connected to the Hickman store.  On July 24, 2006, individuals broke into the store and set a fire to avoid detection.  ACJC never reported an alarm to Hickman.  Prior to that time, ACJC was aware that the alarm monitoring panel was broken, yet had taken no steps to repair it.

Hickman sued Q Security in state court, and Q Security brought in ACJC as a third party defendant.  ACJC was dismissed out upon its motion to dismiss, and Hickman eventually settled the suit with Q Security.  Plaintiff, Hickman's general liability insurer, filed the present action as Hickman's assignee, asserting claims against ACJC for negligence and reckless misconduct resulting in the July 24, 2006 fire that damaged the store.  Plaintiff seeks actual damages, lost business income, and punitive damages.

ACJC argues that it is entitled to a copy of the settlement agreement between Q Security and Hickman, because under Missouri law the amount of a settlement paid or promised by a joint tortfeasor is relevant and discoverable, and further because the settlement agreement may contain statements of fact that are potentially admissible. Plaintiff objects to the production of this document not on relevancy grounds, but rather based on the argument that the settlement agreement is confidential.  Alternatively, Plaintiff seeks a protective order to ensure that the settlement agreement only be used in connection with this litigation.

## DISCUSSION

Federal Rule of Civil Procedure 26(b) provides that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action"  Federal Rule of Evidence 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  For materials to be discoverable they must be "reasonably calculated to lead to the discovery of admissible evidence," but need not actually be admissible at trial.  Fed. R. Civ. P. 26(b)(1).

Federal Rule of Evidence 408 promotes a public policy favoring settlement by establishing that evidence of a settlement agreement is not admissible "to prove or disprove the validity or amount of a disputed claim . . . .  Fed. R. Evid. 408.  In deference to this policy, some courts have required the requesting party to meet a "heightened standard" when the discoverability of a confidential settlement agreement is involved. *Young v. State Farm Mut. Auto. Ins. Co.*, 169 F.R.D. 72, 76 (D. W. Va. 1996) (collecting cases).  In *Auto-Owners Insurance Co. v. Mid-America Piping, Inc.*, No. 4:07CV00394 DJS, 2008 WL 2570820, at *2 (E.D. Mo. June 26, 2008), a court in this district noted *Young*, but employed the normal standard of relevance under Rule 26(b) in granting a motion to quash production of the settlement amounts for which settling defendants settled the claims against them.

Here the Court concludes that ACJC has shown that the settlement agreement between Q Security and Hickman is relevant to this case and is reasonably calculated to lead to the discovery of admissible evidence.  The Court is mindful of Q Security's confidentiality concerns, and accordingly will enter an appropriate protective order regarding the settlement agreement, along the lines of the terms suggested by Q Security.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the motion of non-party Q Security Solutions, LLC, to quash the subpoena served on it by Defendant is **DENIED**.  (Doc. No. 70.)

**IT IS FURTHER ORDERED** that the parties are directed to cooperate with one another to agree to the terms of a protective order along the lines of the terms suggested by Q Security Solutions, LLC, and to submit a joint proposed protective order on or before January 11, 2013.

    *Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of January, 2013.